UNITED STATES *v.* NIPPON TRADING CO.

No. 5173.—Invoices dated Nagoya, Japan, January 24, 1930, etc.
  Certified January 25, 1930, etc.
  Entered at San Francisco, Calif., February 11, 1930, etc.
  Entry Nos. 15589, etc.

Third Division, Appellate Term

(Decided March 17, 1941)

*Charles D. Lawrence*, Acting Assistant Attorney General (*Daniel I. Auster*, special attorney), for the appellant.
*Lawrence & Tuttle* (*Geo. R. Tuttle* of counsel) for the appellee.

Before CLINE, TILSON, and WALKER, Judges

WALKER, Judge: This is an appeal from the judgment of a single judge sitting in reappraisement holding that the export value of certain decorated chinaware exported from Japan was the entered value, less 10 per centum commission added by the importer on entry because of advances made by the appraiser in similar cases.

The evidence offered below consists of the affidavit of one Kojiro Kato, sworn to before the American Vice Consul at Nagoya, Japan, offered by the plaintiff and received in evidence as exhibit 1. On behalf of the defendant a report of one Martin G. Scott, a Customs attaché, dated December 17, 1929, was offered. Counsel for the defendant admitted the report was not certified as required by section 501 of the Tariff Act of 1930, and after some colloquy between the court and counsel for the parties counsel for the plaintiff made this statement :

Mr. TUTTLE. So far as its certification is concerned, and so far as the parties are concerned, we waive the requirements that a document of this nature be certified. I am not raising the objection on that ground. I simply raise objection on the ground of the relevancy.

The trial court thereupon ruled as follows:

Judge DALLINGER. I would consider it a report. It may be marked.

and the report was marked exhibit 2.

Another exhibit was offered and received, consideration of which is not essential here.

When the trial judge took up the matter for decision at a subsequent date, he reversed the ruling made at the trial and excluded exhibit 2 from the record, citing in support of this action *United States* v. *Elliott, Greene & Co., et al.*, C. A. D. 141, and *F. W. Myers & Co., Inc., et al.* v. *United States*, Reap. Dec. 4441. The Second Division of this court, sitting in Appellate Term, held, in the *Elliott, Greene & Co.* case, *supra*, (Reap. Dec. 4452) as follows:

* * * evidence which is made admissible only by statute, is not admissible under any circumstances until the statute has been strictly complied with in regard to the form and authentication of such evidence. The failure of counsel to object to such evidence, when offered, cannot serve to cure the defect in such

.evidence for not being in the form and shape required by the statute, and thereby make the same admissible.

and it is obvious that it is upon that theory that the trial court below excluded exhibit 2.

The real question before us for determination on appeal and the one on which the entire matter hinges is the court's interpretation of the following language of section 501 of the Tariff Act of 1930:

\* \* \* In finding such value affidavits and depositions of persons whose attendance can not reasonably be had, price lists and catalogues, reports or depositions of consuls, customs agents, collectors, appraisers, assistant appraisers, examiners, and other officers of the Government may be admitted in evidence. Copies of official documents, when certified by an official duly authorized by the Secretary of the Treasury, may be admitted in evidence with the same force and effect as original documents.

The statute set forth is intended to permit the introduction of secondary evidence, and of course a reading of it in its entirety indicates quite plainly that it is also intended to permit the introduction of hearsay evidence which would otherwise be excluded. In view of the fact that this is a very great departure from the ordinary rules of evidence we agree with the holding of the Second Division in the *Elliott, Greene & Co.* case that in order to take advantage of the statute its provisions must be strictly complied with. However, it must not be overlooked that the provision of the statute requiring certification of copies of official documents before they may be admitted into evidence is on its face designed primarily to be a protection for the party who might oppose.its admission and who generally in reappraisement cases is the importer. It is our view that the protection of the statute, like numerous other statutory protections, may be waived.

It must be borne in mind that we are not here called upon to pass upon a situation such as that in the *Elliott, Greene & Co.* case. There the importer failed to object to the reports sought to be admitted on the ground that they were uncertified copies. The Second Division held that the statutory requirement applied nevertheless and remanded the case to the trial judge for the purpose of deciding it on the record, excluding the reports. In the brief filed on behalf of the defendant herein counsel maintains that failure to object to the admission of improper evidence is a waiver of the objection, citing Wigmore on Evidence, vol. 1, sec. 18, and vol. V, p. 212.

It may or may not be that the rule cited is applicable to a situation such as occurred in the *Elliott, Greene & Co.* case. We are not required to pass upon such a situation, however, for here we have not a mere failure to object to improper evidence but an express, intentional waiver by well-qualified counsel of the benefit of a statute designed for the protection of the interest he represents. In that respect the

situation is distinguished from that which obtained in the *Elliott, Greene & Co.* case and the case of *Myers & Co., Inc., et al.* v. *United States*, Reap. Dec. 4441,'also cited by the court below, and we therefore do not consider those cases as authority in point.

The statute in question is part of the law of evidence in reappraisement cases. While no doubt it might be effective in preventing imposition upon the court of fraudulent evidence, it is manifestly and primarily intended for the protection of the opponent of the party offering the evidence admissible thereunder. It frequently happens that in the trial of cases counsel may agree that evidence, secondary in character, may be received where it is the wish and intent of counsel for both parties. In this way counsel, by stipulation or otherwise, dispense with the need of compliance with the best evidence rule. We can see no reason why opposing counsel may not waive the requirement of section 501, which in effect is a statutory best evidence rule, provided counsel, with knowledge of the provision of the statute, expressly signifies his intention of foregoing the protection it affords. We are therefore satisfied that the court below erred in excluding the report on the ground that it had not been certified.

To the conclusion reached by the Second Division of this court, sitting in Appellate Term in the case of *Elliott, Greene & Co., supra,* we offer no criticism, but in its application to the issues here involved we cannot agree. Further, as hereinbefore stated, it seems elementary that parties may stipulate in a proper case to permit the introduction of secondary evidence. That, in effect, was done in this case with the approval of the trial judge, and having done so it seems to us he could not later, when the case was submitted to him for decision, strike the evidence from the record without affording opportunity to the injured party, who had been lulled into a feeling of security, to cure the defect. The latter awakened to find himself able to cure the defect but was foreclosed from doing so by the ruling of the trial judge. This, in our view, was also error on the part of the court below.

The judgment of the trial court is therefore reversed and the case remanded with instructions to admit the report marked exhibit 2 in evidence and to make new findings of fact after weighing said report together with the other evidence in this case. Judgment will be rendered accordingly.